CRAIG CARPENITO
United States Attorney
SUSAN MILLENKY
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 297-2067
susan.millenky@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY, OFFICE OF THE ATTORNEY GENERAL,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendant.* | HON. BRIAN R. MARTINOTTI<br><br>Civil Action No. 3:19-cv-18036 (BRM) (DEA)<br><br>ANSWER |

Defendant the United States Department of Education, by and through its attorney CRAIG CARPENITO, United States Attorney for the District of New Jersey (SUSAN MILLENKY, Assistant United States Attorney, appearing), answers the complaint filed in this action, paragraph by paragraph, as follows:

**I.   NATURE OF THE ACTION**

1.   This paragraph sets forth Plaintiff's characterization of the action, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

2.   Defendant denies the allegations in this paragraph and states that the documents referenced in footnotes one through three speak for themselves.

3. Defendant admits that Plaintiff submitted a FOIA request to Defendant on or around August 27, 2018 and denies the remaining allegations in this paragraph.

4. Defendant denies the allegations contained in this paragraph and states that Defendant produced documents and records to plaintiff on or around November 12, 2019.

## II.   JURISDICTION AND VENUE

5. This paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

6. This paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

7. This paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

## III.   PARTIES

8. Defendant denies information or knowledge of the factual allegations in this paragraph and therefore denies them.

9. Defendant admits that the Department of Education is a federal agency headquartered at 400 Maryland Avenue SW, Washington, D.C. 20202 and denies the remaining allegations contained in this paragraph.

## IV.   STATUTORY FRAMEWORK

10. This paragraph contains a statement of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

11. This paragraph contains a statement of law to which no response is

required. To the extent this paragraph contains factual allegations, they are denied.

12. This paragraph contains a statement of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

13. This paragraph contains a statement of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

14. This paragraph contains a statement of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

15. This paragraph contains a statement of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

16. This paragraph contains a statement of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

17. This paragraph contains a statement of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

### V.   FACTUAL ALLEGATIONS

18. Defendant admits the factual allegations contained in this paragraph.

19. Defendant admits the factual allegations contained in this paragraph.

20. Defendant admits the factual allegations contained in this paragraph.

<u>Request 18-02708-F</u>

21. Defendant admits that Exhibit A is a copy of Request 18-02708-F and states that the content of that document speaks for itself.

22. Defendant admits that New Jersey Attorney General Gurbir S. Grewal and nineteen other attorneys general submitted comments in response to SORN and

further states that the contents of those comments and the document referenced in footnote 4 speak for themselves.

23. Defendant admits that Defendant did not and was not obligated to respond in writing to the comments submitted by the attorneys general before Plaintiff submitted Request 18-02708-F, admits that Plaintiff submitted a request later designated Request 18-02708-F, and further states that the content of Request 18-02708-F speaks for itself. To the extent this paragraph contains additional factual allegations, they are denied.

24. Defendant admits that Exhibit C is a copy of the letter sent by Defendant and dated August 27, 2018.

25. Defendant admits that Exhibit D is a copy of the letter sent by Defendant and dated September 28, 2018. Defendant further states that the content of the letter speaks for itself and to the extent this paragraph contains additional factual allegations, they are denied.

26. This paragraph contains a legal assertion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

27. Defendant denies the allegations in this paragraph and states that records were produced on or about November 12, 2019.

28. Defendant denies the allegations contained in this paragraph.

29. This paragraph contains a legal assertion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

Request 18-02714-F

30. Defendant admits that Exhibit B is a copy of Request 18-02714-F and states that the content of that document speaks for itself.

31. Defendant admits that Defendant did not and was not obligated to respond in writing to the comments submitted by the attorneys general before Plaintiff submitted Request 18-02714-F, admits that Plaintiff submitted a request later designated Request 18-02714-F, and further states that the content of Request 18-02714-F speaks for itself.

32. Defendant admits that Exhibit E is a copy of the letter sent by Defendant and dated August 28, 2018.

33. Defendant admits that Exhibit F is a copy of the letter sent by Defendant and dated August 30, 2018. Defendant further states that the content of the letter speaks for itself and to the extent this paragraph contains additional factual allegations, they are denied.

34. Defendant admits that Exhibit G is a copy of the letter and accompanying records sent by Defendant and dated October 3, 2018. Defendant further states that the content of the letter speaks for itself and to the extent this paragraph contains additional factual allegations, they are denied.

35. Defendant admits that Exhibit G is a copy of the records produced on or around October 3, 2018 and denies the remaining factual allegations contained in this paragraph.

36. This paragraph contains a legal assertion to which no response is

required. To the extent this paragraph contains factual allegations, they are denied.

37. Defendant admits that it had not responded to Plaintiff's FOIA request as of September 17, 2019.

38. Defendant denies the allegations in this paragraph.

39. This paragraph contains a legal assertion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

## VI.   CLAIMS FOR RELEIF

### Count One:  Failure to Respond to Request 18-02708-F Within Statutory Timeframe

40. Defendant restates and incorporates by reference its answers to the preceding paragraphs.

41. Defendant denies the allegations contained in this paragraph.

### Count Two:  Failure to Produce Responsive Records for Request 18-02708-F

42. Defendant restates and incorporates by reference its answers to the preceding paragraphs.

43. Defendant denies the allegations contained in this paragraph.

44. Defendant denies the allegations contained in this paragraph.

45. Defendant denies the allegations contained in this paragraph.

46. Defendant denies the allegations contained in this paragraph.

### Count Three:  Failure to Respond to Request 18-02714-F Within Statutory Timeframe

47. Defendant restates and incorporates by reference its answers to the preceding paragraphs.

48. Defendant denies the allegations contained in this paragraph.

**Count Four: Failure to Procedure Responsive Records for Request 18-02714-F**

49. Defendant restates and incorporates by reference its answers to the preceding paragraphs.

50. Defendant denies the allegations contained in this paragraph.

51. Defendant denies the allegations contained in this paragraph.

52. Defendant denies the allegations contained in this paragraph.

53. Defendant denies the allegations contained in this paragraph.

**PRAYER FOR RELIEF**

These paragraphs contain Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in these paragraphs and denies that Plaintiff is entitled to the relief requested.

Any allegations not specifically admitted in this answer are denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim for which the Court can grant relief.

### SECOND DEFENSE

The Court lacks jurisdiction over any request for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

### THIRD DEFENSE

The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by statutory exemptions under 5 U.S.C. § 552(b).

### FOURTH DEFENSE

Documents and redacted information requested in this action were properly withheld or redacted pursuant to FOIA.  5 U.S.C. § 552(b).  The basis for withholding requested information was sufficiently identified.  40 C.F.R. § 2.104(h).

### FIFTH DEFENSE

Defendant produced documents to Plaintiff on or about November 12, 2019.

### SIXTH DEFENSE

To the extent Plaintiff has failed to exhaust administrative remedies for each and every claim, Plaintiff may not obtain relief.

### SEVENTH DEFENSE

Defendant conducted a reasonable search in response to Plaintiff's FOIA requests.

## **EIGHTH DEFENSE**

Plaintiff is not entitled to costs or fees.

WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated: December 23, 2019

                                                                                 Respectfully submitted,

                                                                                  CRAIG CARPENITO
                                                                                  United States Attorney

                      By:    /s/ Susan Millenky
                            Susan Millenky
                            Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I, Susan Millenky, Assistant United States Attorney for the District of New Jersey, hereby certify that on December 23, 2019, the foregoing answer was served on counsel for plaintiff by ECF.

Dated: Newark, New Jersey
       December 23, 2019

                                          /s/ Susan Millenky
                                          SUSAN MILLENKY
                                          Assistant United States Attorney